FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUN 26 PM 3: 18

ROBERT YANIS,

CASE NO.: 10:17-CV-1177-ORL-37-DCI

    Plaintiff,

vs.

L&S LOGISTIC SERVICES, INC.,

    Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, ROBERT YANIS, ("Plaintiff"), was an employee of Defendant, L&S LOGISTIC SERVICES, INC (hereinafter collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## JURISDICTION AD VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standard Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Lake County, Florida.

4. Defendant, L&S LOGISTIC SERVICES, INC, conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(l) & (c).

## PARTIES

5. At all material times, Plaintiff has been a resident of Orange County, Florida.

6. Defendant L&S LOGISTIC SERVICES, INC., a Florida for Profit Corporation, is a transport company with employees working in Orange County, Florida.

7. Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of The FLSA.

8. Plaintiff was an "employee" of Defendants within the meaning of FLSA.

## STATEMENT OF FACTS

9. Plaintiff was employed at L&S Logistics Services, Inc., 11220 Space Boulevard, Orlando, Florida 32837.

10. Plaintiff was a freight lift operator and his primary job duties consisted of loading and unloading trucks.

11. Plaintiff s earned a salary ranging from $1,100.00 to $1,200.00 per week in exchange for work performed on behalf of Defendants.

12. Defendant has willfully failed to pay Plaintiff wages due him with regard to his previous employment.

13. Defendant L&S LOGISTIC SERVICES, INC., has a contractual relationship with Plaintiff.

14. Plaintiff punched in and out of work on a computer located at the Unit.

15. The human resource, timekeeping and payroll systems used at the Unit are administered, supported and monitored by Defendant.

16. Plaintiff routinely worked more than fifty (50) hours per week in a non-exempt job position.

17. Plaintiff was not compensated for overtime in accordance with the FLSA for his overtime work.

18. Plaintiff should have been compensated at one and one half times his regular rate of pay for the hours that Plaintiff worked in excess of forty (40) hours per week as required by FLSA.

19. Defendant knowingly, willfully, and/or with reckless disregard or carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff.

20. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

21. Defendant failed to maintain proper time records as mandated by law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 21 above.

23. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

24. During the relevant time period (the last two years) throughout his employment with Defendant, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

25. Defendant had knowledge of the overtime hours worked by Plaintiff.

26. Defendant was aware of laws, which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

27. Defendant's actions were willful and/or showed reckless disregard for the FLSA as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay when it knew or should have known Plaintiff was entitled to overtime compensation.

28. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week in one or more workweeks, Plaintiff has suffered damages, plus incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek week as allowable under the FLSA statute of limitations;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §2 J 6(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 24th day of June, 2017

Respectfully Submitted by,
The Law Office of Christina Buchan, P.A.

CHRISTINA A. BUCHAN, ESQUIRE
Florida Bar No. 0068344
6996 Piazza Grande Ave., Suite 213
Orlando, FL 32835
Tel. (407) 299-6363
Fax (407) 442-0719
Email: Christina@buchanlawfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

**I HEREBY CERTIFY** that on June 26, 2017 filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice Electronic Filing generated by CM/ECF or in some other manner authorized for those counsel or parties who are not authorized to receive Notice of Electronic Filings.

CHRISTINA A. BUCHAN, ESQUIRE
Florida Bar No. 0068344
6996 Piazza Grande Ave., Suite 213
Orlando, FL 32835
Tel. (407) 299-6363
Fax (407) 442-0719
Email: Christina@buchanlawfirm.com
Attorney for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, ROBERT YANIS, declare under penalty of perjury that the foregoing is true and correct.

Dated this 26th day of June, 2017.

ROBERT YANIS
PLAINTIFF

## SERVICE LIST

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on the 26th day of June, 2017 as follows:

L&S Logistic Services, Inc.
ATTN: Robert Cospito
11220 Space Boulevard
Orlando, Florida 32837

_____
CHRISTINA A. BUCHAN, ESQUIRE
Florida Bar No. 0068344
6996 Piazza Grande Ave., Suite 213
Orlando, FL 32835
Tel. (407) 299-6363
Fax (407) 299-6360
Email: Christina@buchanlawfirm.com
Attorney for Plaintiff